# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY AARON BAXTER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MIKE PARRIS, ) <br> ) <br> Respondent. ) <br> ) | Case No. 1:13-cv-01306-JDB-egb |

## ORDER ADDRESSING PENDING MOTIONS
## (ECF Nos. 17, 19, 20 & 23)

Before the Court are the following motions filed by Petitioner, Timothy Aaron Baxter, Tennessee Department of Correction prisoner number 304285, an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee: (i) requesting the Court order Respondent to supplement the record so Petitioner can have his additional exhausted claims amended and supplemented to his original petition for writ of habeas corpus (Mot. for Resp't to Supplement the Record, *Baxter v. Parris,* No. 1:13-cv-01306-JDB-egb (W.D. Tenn.), ECF No. 17); (ii) directing Respondent to expand the record (Mot. to Expand the Record, *id.*, ECF No. 19); (iii) for leave of Court to file amendment in support of the petition for writ of habeas corpus (Mot. for Leave to Amend, *id.*, ECF No. 20); and (iv) for conditional release pending federal habeas review (Suppl. Mot. for Release, *id.*, ECF No. 23). For the reasons stated below, the Court GRANTS the motion to expand the record insofar as Baxter seeks the state-court record for his post-conviction proceeding, DENIES the Motion for Order Directing Respondent to Expand the

Record, DENIES without prejudice the motion for leave of Court to file amendment and DENIES the supplemental motion for conditional release.

I. BACKGROUND

    A. State Court Procedural History

On May 2, 2011, a grand jury in Madison County, Tennessee, returned an indictment charging Petitioner with the aggravated assault of Richard Upright on or about December 8, 2010. (Indictment, *State v. Baxter,* No. 11-250 (Madison Cty. Circ. Ct.), ECF No. 13-1 at PageID 142-43.) The case was tried on October 12, 2011, resulting in a jury verdict convicting Baxter of aggravated assault and assessing a fine of $5,000. (Trial Tr. 76, *id.*, ECF No. 13-4 at PageID 403.) At a hearing on November 14, 2011, the trial judge sentenced Petitioner as a Range III persistent offender to a term of imprisonment of twelve years at 45 percent. (Sentencing Hr'g Tr. 16, 28, *id.*, ECF No. 13-6.) Judgment was entered on December 2, 2011. (J., *id.*, ECF No. 13-1 at PageID 235.) The Tennessee Court of Criminal Appeals ("TCCA") affirmed. *State v. Baxter,* No. W2012-00361-CCA-R3-CD, 2013 WL 1197867 (Tenn. Crim. App. Mar. 25, 2013), *appeal denied* (Tenn. June 13, 2013).

On May 31, 2012, Baxter filed a petition for writ of error *coram nobis* in the Madison County Circuit Court. (Pet. for Writ of Error Coram Nobis, *Baxter v. State,* No. 11-250 (Madison Cty. Cir. Ct.), ECF No. 13-16 at PageID 614-16.) On June 4, 2012, the State filed its response and incorporated motion to dismiss. (State's Resp. & Mot. to Dismiss Pet. for Writ of Error Coram Nobis, *id.*, ECF No. 13-16 at PageID 617-19.)[1] The trial court denied the petition on June 5,

---

[1] The State's response stated that that was the third *coram nobis* petition Baxter had filed. (State's Resp. & Mot. to Dismiss Pet. for Writ of Error Coram Nobis, *id.*, ECF No. 13-16 at PageID 617.)

2012. (Order Denying Pet. for Writ of Error Coram Nobis, *id.*, ECF No. 13-16 at PageID 624-26.) The TCCA affirmed. *Baxter v. State,* No. W2012-01393-CCA-R3-CO, 2013 WL 5997787 (Tenn. Crim. App. Feb. 15, 2013).

Petitioner also filed a petition in the Madison County Circuit Court pursuant to the Tennessee Post-Conviction Procedure Act, Tennessee Code Annotated §§ 40-30-101 to -122. That pleading was pending when this action was commenced. (*See* § 2254 Pet. at 8, *Baxter v. Parris,* No. 1:13-cv-01306-JDB-egb (W.D. Tenn.), ECF No. 1.) The post-conviction court denied relief on October 21, 2013, (*id.*) and the TCCA affirmed. *Baxter v. State,* No. W2013-02427-CCA-R3-PC, 2014 WL 6680666 (Tenn. Crim. App. Nov. 26, 2014). On January 13, 2015, Baxter apparently filed a motion to reopen his post-conviction proceeding. The post-conviction court denied the motion on March 4, 2015 and the TCCA affirmed in a decision issued on October 9, 2015. (*See* Am. § 2254 Pet. at 4, *Baxter v. Parris,* No. 1:13-cv-01306-JDB-egb (W.D. Tenn.), ECF No. 21.)

    **B.**    **Baxter's Federal Habeas Petition**

On November 15, 2013, Petitioner filed a *pro* se petition under 28 U.S.C. § 2254 for writ of habeas corpus (the "Petition"), accompanied by a legal memorandum, a motion for release on recognizance or surety and a motion for relief from a final judgment under Federal Rule of Civil Procedure 60(b). (§ 2254 Pet., *Baxter v. Parris,* No. 1:13-cv-01306-JDB-egb (W.D. Tenn.), ECF No. 1; Mem. of Law in Supp. of § 2254 Pet., *id.*, ECF No. 1-1; Mot. for Release on Recognizance or Surety, *id.*, ECF No. 2; Mot. for Relief from a Final J., *id.*, ECF No. 3.) He paid the habeas filing fee. (Receipt, *id.*, ECF No. 1-2.) The Petition raised the following claims:

    1.    "INSUFFICIENT EVIDENCE" (§ 2254 Pet. at 5, *id.,* ECF No. 1);

2. "UNREASONABLE APPLICATION TO PETITIONER OF STATUTE T.C.A. § 39-11-106(a)(34)(C) PROCEDURAL UNFAIRNESS" (*id.* at 6);

3. "WHETHER THE APPELLATE COURT ERRED IN IT'S OPINION ON THE INSUFFICIENCY OF THE EVIDENCE WHEN CITING THE MANDATE FROM THE SUPREME COURT ON THE LEGAL STANDARD OF PROOF NECESSARY TO SATISFY ALL ELEMENTS OF THE STATUTE [TENNESSEE CODE ANNOTATED] § 39-11-106(A)(34)(C)" (*id.* at 7); and

4. "DENIAL OF COUNSEL AT THE PRELIMINARY HEARING AND THE DENIAL OF AN INDIGENCY HEARING ALL IN VIOLATION OF THE SIXTH AMENDMENT RIGHT TO COUNSEL AT THE CRITICAL STAGES OF PROSECUTION" (*id.*; *see also id.* at 7-8).

In an order issued on December 5, 2013, the Court, *inter alia,* denied the motions for release and for relief from judgment and directed Respondent, NWCX Warden Henry Steward, to file the state-court record and a response to the Petition. (Order, *Baxter v. Parris,* No. 1:13-cv-01306-JDB-egb (W.D. Tenn.), ECF No. 5.)[2] Baxter was given thirty days from the date of filing of the answer to submit any reply and was instructed that "[h]e may request an extension of time to reply if his motion is filed on or before the due date of his response." (*Id.* at 4.)

On December 16, 2013, the inmate moved for a rehearing on the December 5, 2013, order. His motion addressed the sufficiency of the evidence and argued that the State withheld exculpatory evidence in his criminal case. (Mot. to Rehear, *Baxter v. Parris,* No. 1:13-cv-01306-JDB-egb (W.D. Tenn.), ECF No. 6.) In an order issued December 23, 2013, the Court, construing the motion as seeking reconsideration of the denial of the motion for release, denied the request. (Order, *id.*, ECF No. 7.)

On January 2, 2014, Baxter filed a motion for revision of interlocutory order, in which he sought, for the third time, his release on bond during the pendency of this action. (Mot. for

---

[2]The current Respondent is Mike Parris, who succeeded Steward as NWCX Warden.

Revision of Interlocutory Order, *id.*, ECF No. 10.) Also on January 2, 2014, Baxter filed a motion for inspection of grand jury minutes or, alternatively, for particulars as to what evidence was presented to the grand jury. (Mot. for Disc., *id.*, ECF No. 11.) In an order issued April 7, 2014, the Court denied both motions. (Order, *id.*, ECF No. 14.) The order noted that the denial of release on bond "is final and will not be reconsidered." (*Id.* at 4.) The motion for discovery was denied because Petitioner had not shown good cause for the information sought insofar as "[e]ach claim presented in the § 2254 Petition addresses the evidence presented at trial or a denial of counsel prior to trial" and "[t]he evidence presented to the grand jury has no bearing on any of these claims." (*Id.* at 5.)

On February 27, 2014, Warden Steward filed his answer and most of the state-court record. (Answer, *Baxter v. Parris,* No. 1:13-cv-01306-JDB-egb (W.D. Tenn.), ECF No. 12; Not. of Filing, *id.*, ECF No. 13.)[3] Baxter did not file a timely reply. On September 4, 2014, more than five months after a reply was due, Petitioner requested a thirty-day extension of time in which to reply. (Mot. for Extension of Time, *id.*, ECF No. 15.) In an order issued May 4, 2015, the Court granted the motion but cautioned the inmate that "[n]o further extensions of time will be granted without a showing of extraordinary circumstances." (Order at 2, *id.*, ECF No. 16.) The reply was docketed on June 8, 2015. (Reply, *id.*, ECF No. 18.)

On May 14, 2015, Baxter filed his motion for supplementation of the record. (Mot. for Resp't to Supplement the Record, *id.*, ECF No. 17.) The Warden did not respond. On June 10,

---

[3]Respondent did not file the state-court record pertaining to Petitioner's post-conviction petition, which was, at the time, on appeal to the TCCA. Respondent's answer also did not mention the post-conviction proceeding. Instead, he appears to assume that Baxter did not file a post-conviction petition, as he argued that all unexhausted claims were barred by "the one-year statute of limitations governing post-conviction proceedings under Tenn[essee] Code Ann[otated] § 40-30-102(a)." (Answer at 3, *id.*, ECF No. 12.)

5

2015, the inmate filed his motion to expand the record (Mot. to Expand the Record, *id.*, ECF No. 19), to which the Warden also failed to respond.

On November 10, 2015, Baxter moved for leave of Court to file amendment in support of the petition for writ of habeas corpus, accompanied by a proposed amended petition. (Mot. for Leave to Am., *id.*, ECF No. 20; Am. § 2254 Pet., *id.*, ECF No. 21.)[4] On the same day, Petitioner submitted various documents that he contends should be included in the state-court record, including the preliminary hearing transcript and the oral arguments before the TCCA. (Not. of Filing, *id.*, ECF No. 22.) He also filed a supplemental motion for conditional release pending federal habeas review. (Suppl. Mot. for Release, *id.*, ECF No. 23.) To date, the Warden has not responded to these filings.

## II. THE PENDING MOTIONS

### A. The Motion to Supplement the Record (ECF No. 17)

In this motion, Baxter noted that the TCCA has affirmed the denial of post-conviction relief. (Mot. for Resp't to Supplement the Record at 1, *id.*, ECF No. 17.) He requests that the Court direct Respondent to supplement the record to include the trial court and appellate record of his post-conviction petition. (*Id.* at 2.) Petitioner also seeks unspecified additional documents pertaining to his criminal case, Madison County Circuit Court docket number 11-250. (*Id.*) For good cause shown, the motion is GRANTED insofar as it seeks an order directing Respondent to file the state-court record pertaining to the post-conviction petition.[5]

---

[4]The proposed amendment is 208 pages, excluding the cover and table of contents. The Clerk has misdocketed the cover and table of contents as the amendment and has labeled the text of the proposed amended petition as four separate exhibits. The Clerk is **DIRECTED** to modify the docket to eliminate ECF Nos. 21-1 through 21-4 and to include those pages in ECF No. 21.

[5]The particulars of Respondent's obligation are addressed in § III, *infra*.

It is unclear what additional documents Baxter seeks from the criminal case file or from the TCCA on the direct appeal. The certificate of service for the state-court record reflects that a copy of the notice of filing "and all documents referenced therein" were mailed to him at his address of record on February 27, 2014. (Not. of Filing at 3, *Baxter v. Parris,* No. 1:13-cv-01306-JDB-egb (W.D. Tenn.), ECF No. 17.) The Court cannot determine whether the inmate contends that he did not receive the record the Warden filed with the Court or whether he claims the record was incomplete. This aspect of the motion is DENIED.

      **B.**      **The Motion for Order Directing Respondent to Expand the Record (ECF No. 19)**

In this motion, Baxter takes issue with a statement in the answer that "it was not objectively unreasonable for the state court to affirm the jury's determination that the 73-year-old victim suffered extreme physical pain after being thrown to the ground by the petitioner." (Mot. to Expand the Record at 1-2, *id.*, ECF No. 19 (quoting Answer at 14, *id.*, ECF No. 12).) He seeks an order directing Respondent "to supplement the record to include any and all medical records and employment history of Richard Upright[,] Baxters' [sic] oral recorded statement, [and the] entire parking lot video of Pinson Exxon on the day of the incident." (*Id.* at 4.)

The inmate's motion to expand the record is not well taken. The sentence in the answer to which Baxter objects appears in a discussion of the sufficiency of the evidence, which turns on whether the State established that the victim suffered "extreme physical pain," a requirement for a conviction for aggravated assault in Tennessee under the State's theory of the case. "[I]n a challenge to a state criminal conviction brought under 28 U.S.C. § 2254—if the settled procedural prerequisites for such a claim have otherwise been satisfied—the applicant is entitled to habeas corpus relief if it is found that **upon the record evidence adduced at the trial** no rational trier of

fact could have found proof beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (emphasis added). The victim's medical records and the parking lot video were not introduced into evidence at trial because the trial judge granted a defense motion to exclude those items. *See Baxter v. State,* 2014 WL 6680666, at *5-6. Petitioner's oral statement is not relevant because he states in his motion that the State "suppressed [it] and withheld [it] from the jury." (Mot. to Expand the Record at 3, *Baxter v. Parris,* No. 1:13-cv-01306-JDB-egb (W.D. Tenn.), ECF No. 19.) For the same reason, the victim's employment history cannot be considered in addressing the sufficiency of the evidence. (*See id.* at 2.) Because none of the items sought by the inmate was introduced into evidence at trial, the motion to expand the record is DENIED.

### C. The Motion for Leave to Amend (ECF No. 20)

In his motion for leave to amend, Baxter "seeks leave to amend to restate and replace the deficient arguments made in its [sic] original petition, and bring in additional claims that were fully exhausted through the Tennessee Courts in post-conviction relief." (Mot. for Leave to Amend at 1, *Baxter v. Parris,* No. 1:13-cv-01306-JDB-egb (W.D. Tenn.), ECF No. 20.) His proposed amended petition, titled "First Amendment and Brief in Support of Petition for Writ of Habeas Corpus," is 208 pages long, excluding the cover and table of contents, and appears to be intended to supersede the Petition. (Am. § 2254 Pet., *id.*, ECF No. 21.)

Pursuant to Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." This district uses the form published by the Administrative Office of the United States Courts. Baxter's proposed amendment is not filed on

the official form and does not substantially follow the format thereof. Use of the official form is required so that the Court can review each of Petitioner's claims in an efficient manner.

Although the inmate is entitled to file a legal memorandum in support of his claims, legal memoranda may not exceed twenty pages without leave of Court. Local Rule ("LR") 7.2(e). Even if a longer memorandum might be appropriate in this case in light of the number of issues raised in the proposed amendment, 208 pages is too long. While the Court has not undertaken a thorough review of the claims in the proposed amendment, it is readily apparent that the filing is replete with factual representations not contained in the state-court record and arguments having no bearing on the claims Petitioner exhausted in state court. By way of example only, the statement of facts in the proposed amendment (Am. § 2254 Pet. at 5-14, *Baxter v. Parris,* No. 13-cv-01306-JDB-egb (W.D. Tenn.), ECF No. 21) goes well beyond the evidence introduced at trial and at the post-conviction hearing. The statement of facts features the inmate's version of his encounter with the victim (*id.* at 5-6), which was never presented at trial. Although the victim's medical records were not admitted at trial, due to a tactical decision by Petitioner's trial counsel, the statement of facts purports to rely heavily on those records to undercut the victim's testimony that he suffered from severe pain. (*Id.* at 6-8.) Unsurprisingly, Baxter's statement of facts is not supported by citations to the record.

On direct appeal, Petitioner exhausted a claim that the evidence was insufficient to sustain his conviction for aggravated assault that focused on the proof that the victim suffered a serious bodily injury. *See State v. Baxter,* 2013 WL 1197867, at *4. His original § 2254 Petition and supporting memorandum presented a colorable challenge to the sufficiency of the evidence. (*See* § 2254 Pet. at 5, *Baxter v. Parris,* No. 1:13-cv-01306-JDB-egb (W.D. Tenn.), ECF No. 1; Mem. of

9

Law in Supp. of § 2254 Pet. at 2-4, *id.*, ECF No. 1-1.)  Baxter's discussion of the sufficiency of the evidence in his proposed amendment is nineteen pages long.  The additional length has done little to advance the substantive argument and has, instead, confused the issues with irrelevant observations.  For example, the proposed amendment added an additional ground not presented to the TCCA, namely, that "the prosecution presented no evidence to support its theory that Baxter intentionally and knowingly assaulted [the] alleged victim . . . ."  (Am. § 2254 Pet. at 28, *id.*, ECF No. 21-1.)  The proposed pleading also takes issue with the TCCA's interpretation of Tennessee law by demonstrating that other jurisdictions require (or at least encourage) expert testimony on the severity of a victim's injuries.  (*Id.* at 35-36.)  Petitioner then goes on to complain about the prosecutor's closing argument, which was not included in the record on appeal.  (*Id.* at 37-38.)  He also includes a section on "Facts Arising after Trial," which can have no bearing on the sufficiency of the evidence introduced at trial.  (*Id.* at 38-39; *see also id.* at 41 (comparing the TCCA's language on direct appeal to its post-conviction decision).)  This mode of presentation is an unreasonable waste of judicial resources.  Therefore, leave to amend is DENIED without prejudice to Baxter's right to present an amended petition on the official form that includes every new claim he seeks to raise.

> D.  **The Supplemental Motion for Conditional Release (ECF No. 23)**

Petitioner's motion represents his fourth attempt to obtain release from prison during the pendency of this action (Suppl. Mot for Release, *id.*, ECF No. 23), and was filed despite the Court's earlier statement that its decision denying release "is final and will not be reconsidered" (Order at 4, *id.*, ECF No. 14).  In his latest motion, Baxter seeks to be released "to obtain

appropriate medical treatment for a serious life threatening disease . . . ." (Suppl. Mot. for Release at 1, *id.*, ECF No. 23.)

The inmate's claim of inadequate medical care is not properly the subject of a petition pursuant to § 2254 and must, instead, be brought in a suit pursuant to 42 U.S.C. § 1983 filed in the judicial district where he is housed. "It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). As the United States Supreme Court explained:

> The original view of a habeas corpus attack upon detention under a judicial order was a limited one. The relevant inquiry was confined to determining simply whether or not the committing court had been possessed of jurisdiction. But, over the years, the writ of habeas corpus evolved as a remedy available to effect discharge from any confinement contrary to the Constitution or fundamental law, even though imposed pursuant to conviction by a court of competent jurisdiction. Thus, whether the petitioner's challenge to his custody is that the statute under which he stands convicted is unconstitutional . . . ; that he has been imprisoned prior to trial on account of a defective indictment against him . . . ; that he is unlawfully confined in the wrong institution . . . ; that he was denied his constitutional rights at trial . . . ; that his guilty plea was invalid . . . ; that he is being unlawfully detained by the Executive or the military . . . ; or that his parole was unlawfully revoked, causing him to be reincarcerated in prison . . . —in each case his grievance is that he is being unlawfully subjected to physical restraint, and in each case habeas corpus has been accepted as the specific instrument to obtain release from such confinement.

*Id.* at 485-86 (internal citations omitted); *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute . . . where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983. By contrast, constitutional claims that merely

challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance.").

Although there is some blurring of the lines between a habeas petition and an action pursuant to § 1983, this case does not approach that line. As the Seventh Circuit has articulated:

> For most purposes, the line between the domain of collateral review and that of § 1983 is simple. State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as a transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions—when the decision may be challenged at all . . . . Legal rules, like physical surfaces, cause diffraction at the edges, but the exceptions (like the scattering of light) may be ignored for most practical purposes. Prisoners who follow the rule stated in this paragraph rarely will go wrong; those who ignore it rarely will go right.

*Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (per curiam) (internal citations omitted); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. A habeas petition, on the other hand, is the proper vehicle to seek release from custody.").

Petitioner's challenge to the conditions of his confinement is not a proper subject for a habeas petition. *See Hodges v. Bell*, 170 F. App'x 389, 392-93, 395 (6th Cir. 2006); *see also Evans v. Eichenlaub*, No. 08-13469, 2008 WL 4771934, at *1 (E.D. Mich. Oct. 29, 2008) (allegation that prisoner was provided inadequate medical care not cognizable in a habeas petition seeking transfer to a medical facility or a residential re-entry center); *Villanueva-Monroy v. Hobart*, No. 05-C-214-C, 2005 WL 941144, at *1 (W.D. Wis. Apr. 18, 2005) ("Even if petitioner

12

were to prove that his medical need is serious and that respondent has been deliberately indifferent to it, he would not be entitled to release or modification of his sentence. The injury he alleges is a claim that must be raised in a civil action brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*."). Baxter's alleged medical condition is not a "circumstance making [his] motion for bail exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir. 1990) (internal quotation marks & alteration omitted). The motion is DENIED.

## III. INSTRUCTIONS TO THE PARTIES

Ordinarily, prisoners file petitions for writs of habeas corpus under § 2254 only after they have exhausted their claims in state court. Baxter filed the Petition while his state post-conviction petition was still pending and, even after the TCCA affirmed the denial of the post-conviction petition in 2014, he has continued his efforts to challenge his conviction for aggravated assault in the state courts. The inmate has represented that, as recently as October 9, 2015, the TCCA has issued a decision on one such challenge. *See supra*.

Petitioner appears not to appreciate that a federal court cannot decide a § 2254 petition until all claims have been exhausted. In *Rose v. Lundy*, 455 U.S. 509, 510 (1982), the United States Supreme Court held that a district court must dismiss a "mixed" § 2254 petition containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Subsequently, in *Rhines v. Weber*, 544 U.S. 269, 269 (2005), the Court held that a district court has discretion to stay a mixed habeas petition to allow the prisoner to exhaust his unexhausted claims. Although Baxter's original § 2254 Petition contained only

13

exhausted claims, a decision by the Court on the merits of those claims would have deprived him of the opportunity to present his remaining claims in a federal habeas petition. *See* 28 U.S.C. § 2244(a).

In the Petition, Baxter disclosed that he had filed a post-conviction petition. (*See* § 2254 Pet. at 8, *Baxter v. Parris,* No. 13-cv-01306-JDB-egb (W.D. Tenn.), ECF No. 1.) Until the filing of his proposed amended complaint, however, he did not alert the Court that he had filed a motion to reopen his post-conviction proceeding. At this point, the Court has no way of knowing whether all state-court proceedings in the matter have concluded. Therefore, Petitioner is ORDERED, within twenty-eight days of the date of entry hereof, to disclose all state-court challenges to his conviction for aggravated assault, or the sentence imposed, that are presently pending or that he contemplates filing. That list shall include any application for permission to appeal the denial of the motion to reopen the post-conviction proceeding to the Tennessee Supreme Court and any petitions for writs of certiorari to the United States Supreme Court.[6] Unless Baxter states unequivocally that all pending and contemplated state-court challenges to the aggravated assault conviction have concluded, the Court will administratively close the case to permit him the opportunity completely to exhaust his claims in state court.

After the Court is satisfied that all state-court proceedings have concluded, the Warden will be required to file all remaining portions of the state-court record. After the record has been filed, the inmate will be required to file any amended petition on the official form.[7] The form must be completely filled out and must list each issue he intends to raise and the factual basis for that issue.

---

[6]In order to facilitate the filing of the complete state-court record, Baxter shall also disclose all collateral challenges to his aggravated assault conviction not addressed in § I.A. of this order.

[7]The Clerk is **DIRECTED** to mail Petitioner a copy of the official form.

14

Petitioner must also list the steps he has taken to exhaust each issue and sub-issue presented, including whether he appealed any adverse decisions. He may, if he chooses, file a legal memorandum in support of his amended § 2254 petition. The legal memorandum must contain appropriate citations to the state-court record and must comply with LR 7.2(e) governing the length of legal memoranda. The matter is STAYED until Petitioner has disclosed the status of any remaining collateral challenges to his aggravated assault conviction.

IT IS SO ORDERED this 25th day of November, 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE