**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY AARON BAXTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-01306-JDB-egb |
| | ) | |
| BLAIR LEIBACH, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ORDER TO MODIFY THE DOCKET,**
**DENYING THE MOTION TO ALTER OR AMEND,**
**DENYING LEAVE TO AMEND**
**AND EXTENDING STAY OF CASE**

Before the Court are the filings of Petitioner, Timothy Aaron Baxter, Tennessee Department of Correction prisoner number 304285, currently incarcerated at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee: (i) a proposed second amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Second Amended Petition") (2d Am. Pet., ECF No. 29); (ii) a document titled Statement in Compliance With the Courts [sic] Order of All Grounds Submitted for Writ of Federal Habeas Corpus Relief ("Statement") (Statement, ECF No. 29-1); (iii) a document titled Supplemental Claim for Writ of Habeas Corpus Review ("Supplemental Claim") (Suppl. Claim, ECF No. 29-2); and (iv) a Motion to Alter or Amend (Mot. to Alter or Amend, ECF No. 30).[1] For the reasons stated below, the Court DENIES the Motion to Alter or Amend, denies leave to proceed on the proposed Second Amended Petition and Supplemental Claim, extends the stay of the case and directs Baxter, for the

---

[1]The Clerk of Court is **DIRECTED** to substitute TTCC Warden Blair Leibach for Mike Parris as Respondent in this matter. *See* Fed. R. Civ. P. 25(d).

second time, to submit a statement regarding current and contemplated state-court challenges to his conviction and sentence and a list of all collateral challenges he has filed.

## I.    PROCEDURAL HISTORY

On November 15, 2013, Baxter filed a *pro* se Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Petition"), accompanied by a legal memorandum, a motion for release on recognizance or surety and a motion for relief from a final judgment under Federal Rule of Civil Procedure 60(b).   (Pet., ECF No. 1; Mem. of Law in Supp. of Pet., ECF No. 1-1; Mot. for Release on Recognizance or Surety, ECF No. 2; Mot. for Relief from a Final J., ECF No. 3.)   He paid the habeas filing fee.   (Receipt, ECF No. 1-2.)   The Petition raises the following claims:

1.    "INSUFFICIENT EVIDENCE" (Pet. at 5, ECF No. 1);

2.    "UNREASONABLE APPLICATION TO PETITIONER OF STATUTE [Tenn. Code Ann.] § 39-11-106(a)(34)(C) PROCEDURAL UNFAIRNESS" (*id.* at 6);

3.    "WHETHER THE APPELLATE COURT ERRED IN IT'S OPINION ON THE INSUFFICIENCY OF THE EVIDENCE WHEN CITING THE MANDATE FROM THE SUPREME COURT ON THE LEGAL STANDARD OF PROOF NECESSARY TO SATISFY ALL ELEMENTS OF THE STATUTE [Tenn. Code Ann.] § 39-11-106(A)(34)(C)" (*id.* at 7); and

4.    "DENIAL OF COUNSEL AT THE PRELIMINARY HEARING AND THE DENIAL OF AN INDIGENCY HEARING ALL IN VIOLATION OF THE SIXTH AMENDMENT RIGHT TO COUNSEL AT THE CRITICAL STAGES OF PROSECUTION" (*id.*; *see also id.* at 7-8).

In an order issued on December 5, 2013, the Court, *inter alia,* denied the motions for release and for relief from judgment and directed Respondent, Henry Steward, the Warden of the Northwest Correctional Complex, to file the state-court record and a response to the Petition. (Order, ECF No. 5.)   Baxter was given thirty days from the date of filing of the answer to submit

any reply he may have and was instructed that "[h]e may request an extension of time to reply if his motion is filed on or before the due date of his response." (*Id.* at 4.)

On December 16, 2013, the inmate moved for a rehearing of the December 5, 2013, order. Baxter's motion addressed the sufficiency of the evidence and argued that the State had withheld exculpatory evidence in his criminal case. (Mot. to Rehear, ECF No. 6.) In an order issued on December 23, 2013, the Court, construing the motion as seeking reconsideration of the denial of the motion for release, again denied Petitioner's request. (Order, ECF No. 7.)

On January 2, 2014, Baxter filed a Motion for Revision of Interlocutory Order, in which he sought, for the third time, his release on bond during the pendency of this action. (Mot. for Revision of Interlocutory Order, ECF No. 10.) Also on January 2, 2014, he filed a Motion for Inspection of Grand Jury Minutes or, Alternatively, for Particulars as to What Evidence was Presented to the Grand Jury. (Mot. for Disc., ECF No. 11.) In an order issued on April 7, 2014, the Court denied both motions, stating that the denial of release on bond "is final and will not be reconsidered." (Order, ECF No. 14 at 4.) The motion for discovery was denied because Baxter had not shown good cause for the information sought insofar as "[e]ach claim presented in the § 2254 Petition addresses the evidence presented at trial or a denial of counsel prior to trial" and "[t]he evidence presented to the grand jury has no bearing on any of these claims." (*Id.* at 5.)

On February 27, 2014, Warden Steward filed his answer and most of the state-court record. (Answer, ECF No. 12; Not. of Filing, ECF No. 13.)[2] Baxter did not file a timely reply. On

---

[2]Respondent did not file the state-court record pertaining to Baxter's post-conviction petition, which was, at the time, on appeal to the Tennessee Court of Criminal Appeals. Respondent's answer also did not mention the post-conviction proceeding. Instead, he appeared to assume that Baxter did not file a post-conviction petition, as he argued that all unexhausted

September 4, 2014, more than five months after a reply was due, Petitioner moved for a thirty-day extension of time in which to reply. (Mot. for Extension of Time, ECF No. 15.) In an order issued on May 4, 2015, the Court granted the motion but cautioned Baxter that "[n]o further extensions of time will be granted without a showing of extraordinary circumstances." (Order at 2, ECF No. 16.) His reply was docketed on June 8, 2015. (Reply, ECF No. 18.)

On May 14, 2015, Baxter filed his Motion Requesting the Court Order Respondent to Supplement the Record so Petitioner Can Have His Additional Exhausted Claims Amended and Supplemented to his Original Petition for Writ of Habeas Corpus. (Mot. for Resp't to Suppl. the Record, ECF No. 17.) The Warden did not respond to the motion.

On June 10, 2015, Baxter filed his Motion for Order Directing Respondent to Expand the Record. (Mot. to Expand the Record, ECF No. 19.) The Warden also did not file a response.

On November 10, 2015, Baxter filed a Motion for Leave of Court to File Amendment in Support of the Petition for Writ of Habeas Corpus, accompanied by a proposed amended petition. (Mot. for Leave to Amend, ECF No. 20; Am. Pet., ECF No. 21.) The proposed amendment was 208 pages in length, excluding the cover and table of contents. Also on November 10, 2015, Petitioner submitted various documents that he sought to have included in the state-court record, including the preliminary hearing transcript and the oral arguments before the Tennessee Court of Criminal Appeals ("TCCA"). (Not. of Filing, ECF No. 22.) Finally, on November 10, 2015, he filed a Supplemental Motion for Conditional Release Pending Federal Habeas Review. (Suppl. Mot. for Release, ECF No. 23.) The Warden did not respond to any of these filings.

---

claims are barred by "the one-year statute of limitations governing post-conviction proceedings under Tenn. Code Ann. § 40-30-102(a)." (Answer at 3, ECF No. 12.)

In an order issued on November 25, 2015, the Court addressed each of the pending motions and issued instructions to the parties for the further conduct of this litigation. (Order, ECF No. 27.) The Court granted Baxter's Motion to Supplement the Record insofar as it sought an order directing Respondent to file the state-court record pertaining to the post-conviction petition. (*Id.* at 6.) The Motion for Order Directing Respondent to Expand the Record was denied because none of the information sought by the inmate was introduced into evidence at trial. (*Id.* at 7-8.) The Motion for Leave to Amend was denied because the proposed 208-page amendment was not on the official form and did not substantially follow the format thereof (*id.* at 8-9), was "replete with factual representations not contained in the state-court record and arguments having no bearing on the claims Petitioner exhausted in state court" (*id.* at 9), and constituted "an unreasonable waste of judicial resources" (*id.* at 10). The denial was "without prejudice to Baxter's right to present an amended petition on the official form that includes every new claim he seeks to raise." (*Id.*) The Court denied the Supplemental Motion for Conditional Release, Baxter's fourth such motion, because his alleged medical condition "is not a circumstance making his motion for bail exceptional and deserving of special treatment in the interests of justice." (*Id.* at 13 (internal quotation marks & alteration omitted).) Because it appeared that Petitioner had filed collateral challenges to his conviction that had not been disclosed in his original Petition, Baxter was instructed as follows:

> At this point, the Court has no way of knowing whether all state-court proceedings in the matter have concluded. Therefore, Petitioner is ORDERED, within twenty-eight days of the date of entry hereof, to disclose all state-court challenges to his conviction for aggravated assault, or the sentence imposed, that are presently pending or that he contemplates filing. That list shall include any application for permission to appeal the denial of the motion to reopen the post-conviction proceeding to the Tennessee Supreme Court and any petitions for writs of certiorari to the United States Supreme Court. Unless Baxter states unequivocally that all

5

pending and contemplated state-court challenges to the aggravated assault conviction have concluded, the Court will administratively close the case to permit him the opportunity completely to exhaust his claims in state court.

(*Id.* at 14 (footnote omitted).)   The inmate was further instructed that, "[i]n order to facilitate the filing of the complete state-court record, Baxter shall also disclose all collateral challenges to his aggravated assault conviction not addressed in [the state-court procedural history section] of [the] order."   (*Id.* at 14 n.6.)   The order finished with the following directive:

> After the Court is satisfied that all state-court proceedings have concluded, the Warden will be required to file all remaining portions of the state-court record. After the record has been filed, the inmate will be required to file any amended petition on the official form.   The form must be completely filled out and must list each issue he intends to raise and the factual basis for that issue.   Petitioner must also list the steps he has taken to exhaust each issue and sub-issue presented, including whether he appealed any adverse decisions.   He may, if he chooses, file a legal memorandum in support of his amended § 2254 petition.   The legal memorandum must contain appropriate citations to the state-court record and must comply with LR 7.2(e), governing the length of legal memoranda.   The matter is STAYED until Petitioner has disclosed the status of any remaining collateral challenges to his aggravated assault conviction.

(*Id.* at 14-15 (footnote omitted).)

On December 14, 2015, Baxter filed his Statement, his proposed Second Amended Petition and his Supplemental Claim.   Also on December 14, 2015, he filed a Motion to Alter or Amend. On April 8, 2016, the Warden submitted the state-court record for Petitioner's first post-conviction proceeding.   (Suppl. Not. of Filing, ECF No. 33.)

## II.        THE PENDING MOTION

Baxter's Motion to Alter or Amend seeks, for the fifth time, his release on bail pending the resolution of this action.   This is the second such motion filed by him since being advised that the denial of his application for release on bail is final and will not be reconsidered.   The merits of the

various applications have been addressed at length in previous orders and there is nothing further that can be said.   The Motion is DENIED.

III.        BAXTER'S STATEMENT

As previously noted, Petitioner was to have submitted a statement listing all state-court challenges to his conviction and sentence that he has filed or contemplates filing, including any applications for permission to appeal to the Tennessee Supreme Court and petitions for writs of certiorari to the United States Supreme Court.   He was also instructed to disclose any additional, collateral challenges to his conviction or sentence that were not enumerated in the November 25, 2015, order.   Baxter was cautioned that, unless he "states unequivocally" that all state-court proceedings have concluded, the Court will administratively close the matter to enable him to finish exhausting his claims.   The Court also stayed the matter pending receipt of his statement.

The Statement submitted by Baxter on December 14, 2015, does not comply with these instructions.   Instead, his Statement is a fifteen-page summary of each of his claims, and the steps he has taken to exhaust each claim in state court.   The order did not ask the inmate to include that information in his Statement.   That Baxter has chosen to do so is needlessly confusing because the identical information should be contained in the Second Amended Petition.[3]

The only relevant portion of the Statement is the final paragraph, where Petitioner says that "there is no other collateral proceedings sought to attack the conviction for aggravated assault." (Statement at 15, ECF No. 29-1.)   This sentence appears to mean that Baxter does not contemplate filing any future collateral challenges, but it does not address whether he has any pending challenges, including an application for permission to appeal the TCCA's decision issued

---

[3]As discussed below, the Statement contains claims that are not included in the Second Amended Petition or the Supplemental Claim.

on October 9, 2015, or any application for a writ of certiorari to the United States Supreme Court.[4]

The Statement also does not address whether he has filed any collateral challenges other than those listed in the November 25, 2015, order.

Because the Statement does not comply with the Court's order, it will be disregarded.

Baxter is ORDERED, for the second time, to submit a statement within twenty-eight days that (i) lists every state-court collateral challenge to his conviction or sentence that has been filed and the resolution of that challenge, including any appeals, applications for permission to appeal, and petitions for writs of certiorari[5]; (ii) states whether any collateral challenge is pending in state court or any petition for writ of certiorari has been filed with the United States Supreme Court; and (iii) states whether Baxter plans to file any future collateral challenges to his conviction or sentence. The stay imposed on November 25, 2015, will continue until Baxter has submitted his statement and the Court has reviewed it.

## IV.     BAXTER'S PROPOSED SECOND AMENDED PETITION

Although Petitioner was not required to submit his amendment until after Respondent had filed the remainder of the state-court record, he nonetheless did so, submitting both a proposed Second Amended Petition and a Supplemental Claim. The Court will briefly address those filings because they fail to comply with the instructions in the previous order.

Baxter's proposed Second Amended Petition presents the following claims:

---

[4]In his proposed Second Amended Petition, Baxter answered "yes" to the question, "Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?" (2d Am. Pet. at PageID 1021, ECF No. 29.) His response refers to an Application to Quash Indictment that he filed in the Madison County, Tennessee, Circuit Court.

[5]This is a change, in the interest of clarity, from the previous instruction. It seems simpler to ask for a list of all collateral challenges rather than for a list of any challenges not mentioned in a court order.

1.   "The evidence underlying Baxter's conviction for aggravated assault fails to satisfy the sufficiency standard of *Jackson v. Virginia*, 443 U.S. 307 (1979)" (2d Am. Pet. at PageID 1014, ECF No. 29);

2.   "The State trial court violated Baxter's rights afforded by due process principles and the Sixth Amendment, by denying him counsel at a critical stage of prosecution" (*id.* at PageID 1015);

3.   "The State trial court violated Due Process 14th Amend. by refusing to permit Baxter a Gerstein hearing, and 14th, 8th Amend. violations by trial judge was unfair & partial" (*id.* at PageID 1017); and

5.   "The trial court violated the 6th, 8th, and 14th Amend. by failing to instruct the Jury on Self Defense afforded by due process principles and the Sixth Amend." (*id.* at PageID 1019).[6]

His Supplemental Claim contains an additional contention, labeled Claim 10:

10.   "The State judiciary purposely-violated [sic] Mr. Baxter's rights to Due Process and the Equal Protection Clause of the 14th Amendment by the unconstitutional method used to select the foreman at the Grand Jury, a critical stage of the prosecution" (Suppl. Claim 1, ECF No. 29-2).

Baxter's proposed Second Amended Complaint does not comply with the Court's previous orders and Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") in several important respects. First, Petitioner was instructed that his amendment must be filed on the official form (Order at 8-9, ECF No. 27) and that "[t]he form must be completely filled out and must list each issue he intends to raise and the factual basis for that issue" (*id.* at 14). Although Claims 1, 2, 3 and 5 are on the official form, Claim 10 is not. Even more confusingly, Baxter's Statement includes extensive discussion of ten claims, some of which include numerous sub-claims. Claims 4, 6, 7, 8 and 9 are not included in any pleading.

Second, even those claims that were submitted on the official form do not include the factual basis. Instead, the factual section consists of cross-references to the original Petition and

---

[6] The proposed Second Amended Petition does not include a Claim 4.

to the proposed First Amended Petition, which the Court previously declined to allow. (*See* 2d Am. Pet. at PageID 1014, 1015, 1017, 1019, ECF No. 29.) This method of presentation puts an unreasonable burden on the Court, which is apparently expected to sift through multiple documents in order to discern the factual basis for the claims presented. This improper use of incorporation by reference serves to compound the logistical difficulties presented by the inmate's decision to present his amendment using three separate documents, namely, the form petition, the Statement and the Supplemental Claim.

The tedious and time-consuming task of compiling the information called for by the official form and presenting it in a coherent manner in a single document is properly undertaken by Baxter rather than by the Court and its staff. Leave to amend is DENIED without prejudice to his right to present a proper amendment **after the stay has been lifted**.

## V.        INSTRUCTIONS TO THE PARTIES

This case was stayed on November 25, 2015, pending receipt of Baxter's Statement regarding current and contemplated state-court challenges to his conviction and sentence for aggravated assault and his itemization of all previous state-court challenges. This order continues that stay. Petitioner's amended statement is due twenty-eight days from the date of entry of this order. After reviewing that statement, the Court will decide whether to administratively close the case to permit Baxter to exhaust his claims in state court or to lift the stay and proceed to a decision in the matter. At that time, the Warden will be required to file the remainder of the state-court record and the inmate will be given a final opportunity to present an amended petition that includes every claim he seeks to litigate.

IT IS SO ORDERED this 18th day of April, 2016.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE