# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

TIMOTHY AARON BAXTER,

    Petitioner,

v.                                                                                                    Case No. 1:13-cv-01306

BLAIR LEIBACH,

    Respondent.

## ORDER DISMISSING PETITION,
## DENYING CERTIFICATE OF APPEALABILITY,
## AND
## DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On November 15, 2013, Petitioner, Timothy Aaron Baxter, filed a habeas corpus petition under 28 U.S.C. § 2254 (the "Petition"). (Docket Entry ("D.E.") 1.) On November 25, 2015, for good cause, the Court stayed this case pending submission by Petitioner of a statement disclosing "all state-court challenges to his conviction for aggravated assault, or the sentence imposed, that are presently pending or that [Petitioner] contemplates filing." (D.E. 27 at PageID 1000.)

Baxter failed to comply fully with the Court's order. (*See* D.E. 34 at PageID 1640-41.) On April 18, 2016, the Court again ordered Petitioner to file the required disclosure statement. (*Id.* at PageID 1641.) The Court specified that the statement must:

> (i) list[] every state-court collateral challenge to [Petitioner's] conviction or sentence that has been filed and the resolution of that challenge, including any appeals, applications for permission to appeal, and petitions for writ of certiorari; (ii) state[] whether any collateral challenge is pending in state court or any petition for writ of certiorari has been filed with the United States Supreme Court; and (iii) state[] whether [Petitioner] plans to file any future collateral challenges to his conviction or sentence."

(*Id.* (internal footnote omitted).) The Court further stated that "[t]he stay imposed on November 25, 2015, will continue until Baxter has submitted his statement and the Court has reviewed it." (*Id.*)

On May 24, 2016, counsel for Baxter filed a notice of appearance (D.E. 35) and a motion for an extension of time "to file any responsive pleadings." (D.E. 36.) The Court granted the motion and subsequently allowed two additional extensions. (D.E. 37, 39, 41.)

On September 19, 2016, Petitioner, by his counsel, filed a 180-page "Supplemental Brief" in support of the Petition. (D.E. 42.) The Supplemental Brief, which was oversized and filed without leave of Court, did not contain the information regarding collateral state-court proceedings that the Petitioner is required to file pursuant to the Court's orders of November 25, 2015, and April 18, 2016. On November 29, 2016, the Court therefore entered an order striking the oversized brief and directing Petitioner to submit a disclosure statement that complies with the requirements set forth in the Court's April 18, 2016, order within twenty-eight days. (D.E. 43.) The Court warned Petitioner that his failure to comply with the order will result in dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Baxter has not filed a disclosure statement and the time allowed for filing the statement has passed. Accordingly, the Petition is DISMISSED for want of prosecution and Petitioner's repeated failure to comply with the Court's orders directing him to disclose all state-court challenges to his conviction for aggravated assault, or the sentence imposed, that are presently pending or that he contemplates filing.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §§ 2253(c)(2)-(3). Although a COA does not require a showing that the appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), a court should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, there is no question that the Petition should be dismissed for the reasons stated. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. FED. R. APP. P. 24(a). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reasons it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.

IT IS SO ORDERED this 25th day of January 2017.

<u>s/ J. DANIEL BREEN</u>
CHIEF UNITED STATES DISTRICT JUDGE