IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TIMOTHY AARON BAXTER,

    Petitioner,

v.                                                                                        No. 13-1306

BLAIR LEIBACH,

    Respondent.

---

ORDER GRANTING MOTION FOR WITHDRAWAL OF COUNSEL,
TAKING MOTION FOR RELIEF FROM JUDGMENT UNDER ADVISEMENT,
AND
DIRECTING PETITIONER TO FILE STATEMENT

---

On November 15, 2013, Petitioner, Timothy Aaron Baxter, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 (the "Petition"). (Docket Entry ("D.E.") 1.) In May 2016, Attorney A. Russell Larson filed a notice of appearance on his behalf. (D.E. 35.) On January 25, 2017, the Court dismissed the Petition for lack of prosecution and Baxter's failure to comply with the Court's orders. (D.E. 44.) Judgment was entered on January 27, 2017. (D.E. 45.) Before the Court are Petitioner's *pro se* motions for removal of counsel and relief from the January 25, 2017, order. (D.E. 46-3, 46.)

**PROCEDURAL HISTORY**

On November 25, 2015, for good cause, the Court stayed this matter pending submission by Baxter of a statement disclosing "all state-court challenges to his conviction for aggravated assault, or the sentence imposed, that are presently pending or that he contemplates filing." (D.E. 27 at PageID 1000.) Petitioner failed to comply fully with the Court's order. (*See* D.E. 34 at PageID 1640-41.) On April 18, 2016, the Court therefore again ordered him to file the

required disclosure statement. (*Id.* at PageID 1641.) The Court specified that the statement must:

> (i) list[] every state-court collateral challenge to [Petitioner's] conviction or sentence that has been filed and the resolution of that challenge, including any appeals, applications for permission to appeal, and petitions for writs of certiorari; (ii) state[] whether any collateral challenge is pending in state court or any petition for writ of certiorari has been filed with the United States Supreme Court; and (iii) state[] whether [Petitioner] plans to file any future collateral challenges to his conviction or sentence.

(*Id.* (internal footnote omitted).) The Court added that "[t]he stay imposed on November 25, 2015, will continue until Baxter has submitted his statement and the Court has reviewed it." (*Id.*)

On May 24, 2016, Larson moved for an extension of time "to file any responsive pleadings." (D.E. 36.) The Court granted the motion and subsequently granted two additional motions for extensions. (*See* D.E. 37 through 41.)

On September 19, 2016, Petitioner's attorney filed a 180-page "Supplemental Brief" in support of the Petition. (D.E. 42.) The brief, which was oversized and filed without leave of the Court, did not contain the information regarding collateral state-court proceedings Baxter was required to file pursuant to the Court's orders of November 25, 2015, and April 18, 2016. On November 29, 2016, the Court struck the oversized brief and directed Petitioner to submit within twenty-eight days a disclosure statement that complied with the requirements set forth in the Court's April 18, 2016, order. (D.E. 43.) The Court warned Petitioner that his failure to comply with the directive would result in dismissal of the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The inmate did not file a disclosure statement and did not respond to

the Court's November 29, 2016, order, giving rise to the Court's dismissal of the Petition. As noted above, the instant motions were filed following the entry of judgment.[1]

## DISCUSSION

Larson has advised the Court that he does not oppose Baxter's motion for the withdrawal of his representation. (D.E. 47.) The motion is therefore GRANTED.

In his motion for relief from judgment, Petitioner asserts that he did not receive the Court's November 2016 order directing that he file a disclosure statement because his attorney was receiving the docket notifications through the Court's electronic filing system. He alleges that Larson is to blame for failing to follow the Court's directive. In support, he attaches letters from Larson suggesting counsel was unaware of the Court's November 2016 order as late as January 5, 2017,[2] and chose not to move for reconsideration of the Court's January 2017 dismissal order on the ground of inadvertence or mistake.[3]

Federal Rule of Civil Procedure 60(b) provides that a court "may relieve a party or its legal representative from a final judgment" for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] Although the Clerk of Court received and docketed the motions on February 27, 2017, Petitioner signed and mailed the documents on February 21, 2017. (D.E. 46-3 at PageID 1854; (D.E. 46 at PageID 1845.)

[2] *See* Larson letter to Petitioner dated January 5, 2017, D.E. 46-1 at PageID 1849 ("I met with your Mom on December 29, 2016. At that time I advised her that we are awaiting the filing of the Responsive Brief from the Attorney General's office and that I would anticipate shortly thereafter a hearing date or a decision from Federal District Court in regard to your Motions.")

[3] *See* Larson letter to Baxter dated February 3, 2017, D.E. 46-1 at PageID 1850 ("Please be advised that I have received an Order from the Federal District Court dismissing your Petition which you originally filed in Federal Court. I am sorry that this matter has not resulted in some relief from your conviction and your sentence. It would appear that you will have to serve the remainder of your time in the Tennessee Department of Corrections.")

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Fed. R. Civ. P.] 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A district court considering a Rule 60(b) motion may "take into account a variety of factors in addition to the specific ground given for reopening the judgment[,] . . . [including] the diligence of the movant, the probable merit of the movant's underlying claims, [and] the opposing party's reliance interests in the finality of the judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 540 (2005) (Stevens, J., dissenting). In determining whether a party has shown mistake or inadvertence for purposes of Rule 60(b)(1), a court will hold a "[c]lient[] . . . accountable for [his] attorney['s] acts and omissions." *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012). Rule 60(b)(6) "is a catchall provision that provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b)." *West v. Carpenter*, 790 F.3d 693, 696-97 (6th Cir. 2015), *cert. denied sub nom. West v. Westbrooks*, 136 S. Ct. 1456 (2016). Relief will issue "only in exceptional or extraordinary circumstances where principles of equity mandate relief." *Id.*

Baxter is not entitled to relief under Rule 60(b)(1). Although the inmate did not delay in filing his *pro se* motion, and prejudice to Respondent would be minimal or nonexistent, the letters from his counsel do not suggest excusable neglect or mistake. It is not clear from the letters why counsel did not know, as late at January 5, 2017, of the Court's November 2016

4

order.  Nevertheless, an attorney's failure to check the court docket usually does not constitute excusable neglect.  *See Yeschick*, 675 F.3d at 629-31 (attorney had duty to monitor the court docket, and failure to do so was not excusable neglect under Rule 60(b)(1)).  Petitioner therefore is not entitled to relief under Rule 60(b)(1).

Relief under Rule 60(b)(6), however, might be warranted.  *See, e.g., Arnold v. KY Catalog Sales, Inc.*, Civil Action No. 3:09-cv-350-CRS, 2012 WL 37532, at *1-3 (W.D. Ky. Jan. 9, 2012) (setting aside default judgment where attorney's gross neglect provided a basis for relief under Rule 60(b)(6)) (citing *Fuller v. Quire,* 916 F.2d 358, 361 (6th Cir . 1990)).  In deciding the issue, the Court is to consider whether there is a basis for proceeding on the claims set forth in the petition.  *See Gonzalez*, 545 U.S. at 540 (Stevens, J., dissenting).  The Court cannot make that determination, however, without the information about post-conviction proceedings which it has sought from Petitioner since November 25, 2015.  (*See* D.E. 27.)

The motion is therefore taken under advisement pending Petitioner's submission of the disclosure statement specified by the Court's April 18, 2016, order.  (*See* D.E. 34.)  The inmate is DIRECTED to file the disclosure statement within twenty-eight days of the entry-date of this order.  Failure to do so will result in denial of the Rule 60(b) motion.

IT IS SO ORDERED this 23rd day of June 2017.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE
