IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TIMOTHY AARON BAXTER,

    Petitioner,

v.                                                                      Case No. 1:13-cv-01306-JDB-egb

RUSTY WASHBURN,

    Respondent.

ORDER ADDRESSING MOTIONS
AND
DIRECTING CLERK OF COURT TO MODIFY RESPONDENT

    Before the Court is the November 16, 2017, motion of Respondent, Rusty Washburn,[1] to dismiss the *pro se* 28 U.S.C. § 2254 petition (the "Petition") filed by the Petitioner, Timothy Aaron Baxter, for failure to prosecute. (Docket Entry ("D.E.") 59.) Also pending are the following *pro se* motions of the Petitioner: (1) motion to strike Respondent's supplemental answer (D.E. 70); (2) motion for partial summary judgment as to Claim 1 (D.E. 62); (3) two motions for "forfeiture" of defense (D.E. 69, 73); (4) motion for entry of default (D.E. 75) and motion for entry of default judgment (D.E. 76); (5) motion for an evidentiary hearing (D.E. 60) and supplemental motion for an evidentiary hearing (D.E. 78); and (7) motion for revision of interlocutory order for bail pending review (D.E. 79).

    For the reasons articulated herein, Petitioner's supplemental motion for an evidentiary hearing (D.E. 78) is TAKEN UNDER ADVISEMENT and his remaining motions, as well as Respondent's motion to dismiss, are DENIED.

---

[1]The Clerk of Court is **DIRECTED** to substitute Rusty Washburn for Blair Leibach as Respondent. *See* Fed. R. Civ. P. 25(d).

I. PROCEDURAL SUMMARY

Baxter filed the Petition in November 2013 challenging his Tennessee conviction for aggravated assault. The Petition sets forth the following claims:

1. "Insufficient Evidence" (D.E. 1 at PageID 5);

2. "Unreasonable application to Petitioner of statute [Tennessee Code Annotated] § 39-11-106(a)(34)(C) procedural unfairness" (*Id.* at PageID 6);

3. "Whether the appellate court erred in it[]s opinion on the insufficiency of the evidence when citing the mandate from the [state] supreme court on the legal standard of proof necessary to satisfy all elements of the statute [Tennessee Code Annotated] § 39-11-106(a)(34)(C)." (*Id.* at PageID 7);

4. "Denial of counsel at the preliminary hearing and the denial of an indigency hearing all in violation of the Sixth Amendment right to counsel at the critical stages of prosecution." (*Id.*)

In February 2014, Respondent filed the state court record pertaining to Petitioner's trial and direct appeal, as well as an answer to the Petition.[2] (D.E. 12, 13.) The inmate subsequently filed a reply. (D.E. 18.)

In November 2015, the Court stayed the case pending submission by Baxter of a statement disclosing all state-court challenges to his conviction that were then-pending or that he contemplated filing. (D.E. 27.) It appeared that Petitioner had filed collateral challenges to his conviction that had not been disclosed in the Petition. The stay remained in effect until January 2017, when the Court dismissed the case for Baxter's repeated failures to provide the required statement. (D.E. 44.) Entry of judgment followed. (D.E. 45.)

---

[2]Respondent subsequently filed the state court record in the inmate's post-conviction proceedings. (D.E. 33.)

In August 2017, for good cause shown, the Court granted Petitioner's motion to vacate the order of dismissal and judgment. (D.E. 53.) The Court also allowed him leave to file an amended petition within twenty-eight days. On September 11, 2017, the Court granted him an extension of time to file an amended petition. (D.E. 55.)

## II. PENDING MOTIONS

### A. Respondent's Motion to Dismiss and Petitioner's Motion to Strike

Following the Court's August 2017 order allowing the filing of an amended petition, the inmate filed a document on the Court's official § 2254 form challenging a different conviction than he challenges in the instant Petition. (D.E. 56.) Washburn subsequently moved to dismiss the new petition on the ground that it represented Petitioner's failure to prosecute his original claims. (D.E. 59.) Respondent also submitted a supplemental answer, in which he argued, in part, that Baxter failed to follow the Court's instructions for the filing of an amended petition. (D.E. 66.) The inmate responded to the motion to dismiss, asserting that he had intended for the Clerk of Court to file the new petition as a case-initiating document in a separate proceeding. (D.E. 63.) On January 8, 2018, the Court struck the new petition and ordered the Clerk to file the document in a new case. (D.E. 67.)

Several days after entry of that order, the Clerk received Petitioner's motion to strike Respondent's supplemental answer. (D.E. 70.) In his motion, Baxter alleged that Washburn's statements in the supplemental answer regarding the circumstances surrounding the mis-docketing of the new petition were false.[3] He requested that the statements be stricken.

---

[3] Presumably, Petitioner mailed his motion to strike before he received the Court's order re-docketing the new petition.

Because the new petition has been stricken from the docket and refiled in a new case, the motion to dismiss (D.E. 59) and the motion to strike (D.E. 70) are DENIED as moot.

**B. Petitioner's Motion for Partial Summary Judgment and Related Motions**

On December 7, 2017, Petitioner filed a motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, along with a statement of undisputed facts. (D.E. 62, 62-1.) In his motion, Baxter sought entry of judgment in his favor on Claim 1, which asserted that the evidence was insufficient to convict him. Washburn did not respond to the motion.[4]

On January 17, 2018, the inmate filed a document styled "Motion Seeking Forfeiture of Respondent's Defense to Petitioner's Motion for Summary Judgment, and Grant of Petitioner's Motion for Evidentiary Hearing." (D.E. 69.) He argued therein that Respondent "forfeit[ed] [his] defense to the motion" for summary judgment by failing to respond to it. (*Id.* at PageID 1990.) He therefore requested that the Court "consider the statement of undisputed facts as true when determining the merits," and "grant the evidentiary hearing." (*Id.*)

On March 21, 2018, Petitioner filed a motion titled "Supplemental Motion to Amend/Correct D.E. 69 Motion Addressing Respondent's Forfeiture of Defense to Partial Summary Judgment." (D.E. 73.) In that motion, he reiterated his "forfeiture" argument, this time with citation to legal sources he believed supported his position. On the same day, the

---

[4]In his supplemental answer, Respondent stated that he "opposes the motion for partial summary judgment and moves this Court to strike it for failure to comply with this Court's order." (D.E. 66 at PageID 1985.) This argument and "motion" are not properly before the Court, as having been improperly presented as part of the supplemental answer. *See e.g.*, LR 7.2(a)(1) (setting forth requirements for the filing of motions).

4

inmate also filed a motion for entry of default by the Clerk under Fed. R. Civ. P. 55(a) for Washburn's failure to respond to the motion for partial summary judgment. (D.E. 75.) Five days later, on March 26, 2018, the inmate filed a motion for default judgment under Fed. R. Civ. P. 55(b)(2) based on the same assertion that Respondent defaulted any defense to Claim 1. (D.E. 76.)

Baxter's motion for summary judgment does not adequately state why such a motion is appropriate in this case. Habeas practice is governed by the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Habeas Rule 8(a) authorizes the Court to examine the petition, the answer, and the state-court record to determine whether an evidentiary hearing will be required. If a hearing is not required, the Court may resolve the issues raised in the petition on the record submitted. *See* Habeas Rule 8 advisory committee's note to 1976 adoption. If an expansion of the record or an evidentiary hearing is needed, the Court may so order, consistent with 28 U.S.C.§ 2254(e)(2). Habeas Rule 8 advisory committee's note to 1976 adoption and 2004 amendments.

The motion for partial summary judgment (D.E. 62) is therefore DENIED as unnecessary, and the motions for forfeiture and entry of default and entry of default judgment (D.E. 69, 73, 75, 76) are DENIED as moot.[5]

---

[5] In any event, Respondent is not in default on Claim 1 because he addressed the claim in his answer. But even if he had failed to do so, default judgments are not generally available in habeas corpus proceedings. *See Harris v. Warden, London Corr. Inst.*, No. 17-3944, 2018 WL 1224456, at *2 (6th Cir. Mar. 1, 2018) (citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970)).

### C. Petitioner's Motions for an Evidentiary Hearing

On November 20, 2017, Petitioner filed a "Motion to Set Evidentiary Hearing," (D.E. 60), arguing that such a hearing was needed to "reconstruct the state court record" (*id.* at PageID 1938). On May 14, 2018, he submitted a document styled "Supplemental Motion to Set Evidentiary Hearing," in which he sought an expansion of the record for the same reasons presented in the first motion. (D.E. 78.) However, unlike the first motion, the supplemental motion also addressed 28 U.S.C. § 2254(e)(2), which narrowly limits the availability of an evidentiary hearing in § 2254 cases.

Because the supplemental motion appears to supersede the first motion, the first motion (D.E. 60) is DENIED as moot.

Upon review of Petitioner's claims under Habeas Rule 8(a), the Court will consider the merits of the supplemental motion. If the Court determines that resolution of his claims requires an expansion of the state court record or an evidentiary hearing, it will so order.

The supplemental motion (D.E. 78) is therefore TAKEN UNDER ADVISEMENT.

### D. Motion for Release

Baxter's May 15, 2018, "Motion for Revision of Interlocutory Order for Bail Pending Review" seeks, for the sixth time, his release on bail pending the resolution of this action. (D.E. 79.) This is the third such motion filed by him since being advised that the denial of his application for release on bail is final and will not be reconsidered. The merits of the various applications have been addressed at length in previous orders and there is nothing further that can be said. The motion is DENIED.

In conclusion, it bears emphasizing that additional motions will only serve to delay resolution of this case.

IT IS SO ORDERED this 30th day of May 2018.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE